**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Rafi Hasbani, Esq.
*Counsel for Plaintiff JDRM LLC DBPP & 2 JD IRAS LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JDRM LLC DBPP & 2 JD IRAS LLC,

                              *Plaintiff*,

        -against -

JANET Z. ZELLER; JEFF ZYSBERG; STEVEN RABINOWITZ; TOBY RABINOWITZ; CAPITAL ONE BANK USA NA; MICHAEL RABINOWITZ; AND "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                             *Defendants*.
-------------------------------------------------------------------X

Index No.:

**COMPLAINT**

**Property Address:**
2730 Claudia Court
Bellmore, NY 11710

Plaintiff, JDRM LLC DBPP & 2 JD IRAS LLC ("Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

**NATURE OF THE ACTION**

1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 2730 Claudia Court, Bellmore, NY 11710, Section: 63 Block: 277 Lot: 13 in

1

the County of Nassau and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2.      JDRM LLC DBPP & 2 JD IRAS LLC, ("Plaintiff") is a limited liability company organized under the laws of the State of New Jersey.

3.      Defendant JANET Z. ZELLER ("Janet") is a resident and citizen of the State of New York who, upon information and belief, has an address of 2730 Claudia Court, Bellemore, NY 11710. Janet is a necessary party to this action because she is the obligor and mortgagor under the terms of the Note and Mortgage, and the owner of the Property.

4.      Defendant JEFF ZYSBERG ("Jeff") is a resident and citizen of the State of New York who, upon information and belief, has an address of 2730 Claudia Court, Bellemore, NY 11710. Jeff is a necessary party to this action because he is the obligor and mortgagor under the terms of the Note and Mortgage, and the owner of the Property.

5.      Defendant STEVEN RABINOWITZ ("Steven") is a resident and citizen of the State of New York who, upon information and belief, has an address of 36 Doral Court, New City, NY 10953. Steven is a necessary party to this action because he is a holder of subordinate mortgage on the property and judgement creditor.

6.      Defendant TOBY RABINOWITZ ("Toby") is a resident and citizen of the State of New York who, upon information and belief, has an address of 36 Doral Court, New City, NY 10953. Toby is a necessary party to this action because he is a holder of subordinate mortgage on the property and judgment creditor.

7. Defendant CAPITAL ONE BANK USA NA ("Capital One") is a Financial Corporation of the State of Virginia, which upon information and belief, has an address of 4851 Cox Road, Glen Allen, VA 23060.

8. Defendant MICHAEL RABINOWITZ ("Michael") is a resident of the State of California who, upon information and belief, has an address of 5227 San Feliciano Drive, Woodland Hills, CA 91364. Michael is a necessary party to this action because he is a judgment creditor of Steven Rabinowitz.

9. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See,* RPAPL §§ 1311, 1312 and 1313.

10. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

11. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

12. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

13. On or about August 12, 2016, as evidence of a loan in the amount of $417,00.00 (the "Loan"), Defendant JANET Z. ZELLER (the "Borrower") executed and delivered a Note (the "Note") to Carrington Mortgage Services, LLC (the "Original Lender"). Pursuant to the terms of the Note, the Borrower promised to pay the Original Lender, or the subsequent holder of the Note, the principal sum of $417,000.00. A copy of the Note is attached as **Exhibit B**.

14. On or about the same date, the Borrower and Jeff Zysberg (collectively the "Mortgagors"), as mortgagors, on or about said date executed, acknowledged and delivered to Original Lender, as mortgagee, a certain Mortgage (the "Mortgage"), wherein and whereby the Mortgagors, as mortgagors, mortgaged to Original Lender, as mortgagee, certain real property commonly known as 2730 Claudia Court, Bellemore, NY 11710 (the "Property') for the purpose of securing payment for the Loan. The Mortgage encumbers the Property. The Mortgage was recorded in the Office of the Nassau County Clerk's office on November 15, 2016, under Book 41669 Page702. A copy of the recorded Mortgage is attached as **Exhibit C**.

15. The wet-ink Note was transferred to Plaintiff prior to commencement of this action. *See,* **Exhibit B.** Plaintiff and/or its agents are in possession of the wet-ink Note.

16. Therefore, Plaintiff has standing to foreclose on the Mortgage by way of its possession of the Note with an endorsement and properly affixed allonges.

17. On or about May 15, 2017, the Original Lender assigned the Mortgage to Wells Fargo Bank, N.A. by way of an assignment of mortgage bearing that date (the "First Assignment"). The First Assignment was recorded in Nassau County Clerk's Office on May 24th, 2017, as Instrument Number 2017-51973.

18. On or about August 30th, 2024, Wells Fargo Bank, N.A. assigned the Mortgage to GITSIT SOLUTIONS, LLC, NOT IN ITS INVIDUAL CAPACITY BUT SOLETY IN ITS CAPACITY AS SEPARATE TRUSTEE OF GITSIT MORTGAGE LOAN TRUST BBPLC1 by way of assignment of mortgage bearing that date (the "Second Assignment"). The Second Assignment was recorded in Nassau County Clerk's Office on September 06, 2024, as Instrument Number 2024-54668.

19. On or about December 03, 2024, GITSIT SOLUTIONS, LLC, NOT IN ITS INVIDUAL CAPACITY BUT SOLETY IN ITS CAPACITY AS SEPARATE TRUSTEE OF GITSIT MORTGAGE LOAN TRUST assigned the Mortgage to JDRM LLCF DBPP and JD IRAS LLC by way of assignment of mortgage bearing that date (the "Third Assignment"). The Third Assignment was recorded in Nassau County Clerk's Office on April 16, 2025, as Instrument Number 2025-24135. A copy of the full chain of recorded assignments from the Original Lender to Plaintiff are annexed hereto as **Exhibit D** and are incorporated herein by this reference as though fully set forth herein.

20. On or about September 15, 2021, Mortgagors executed and delivered to Plaintiff's predecessor a Loan Modification Agreement (the "Loan Modification"), whereby, among other items, the unpaid principal balance under the Note was increased to $588,154.64. A copy of the Loan Modification is annexed hereto as **Exhibit E**.

21. Pursuant to the Mortgage, the Original Lender or its successors or assigns possess the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Borrowers owe the Original Lender or its successor-in-interest which fees shall become part of the sums secured. *See,* **Exhibits B** and **C**.

22. Borrowers defaulted under the terms of the Note and Mortgage by failing to make payments under the Loan (the "Default").

23. Plaintiff complied with the contractual provisions in the Note and Mortgage by mailing the 30-Day Notices (the "Default Notice") to the Borrowers advising of possible acceleration of the Loan and the continuing Default under the Loan if not cured.

24. Plaintiff complied with the requirements of RPAPL § 1304 by mailing statutory 90-Day Notices (the "90-Day Notices") to the Borrowers by First-Class and Certified Mail, advising of possible legal action if the Default under the Note and Mortgage together was not cured.

25. Pursuant to RPAPL § 1302 as amended, Plaintiff complied with RPAPL § 1306, and the provisions of § 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-l or 6-m of the Banking Law, except where it is exempt from doing so.

26. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

27. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance under the Note and Mortgage is $417,000.00. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

28. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property

together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

29. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

30. No other action or proceeding is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

31. Each of the above-named defendants has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of

this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b) On all causes of action together with Plaintiff's costs and attorneys' fees,

c) and such other and further relief as this Court shall deem just and proper.

Dated: New York, New York  **HASBANI & LIGHT, P.C.**
July 9, 2025

By: */s/ Rafi Hasbani*
Rafi Hasbani, Esq.
*Attorneys for Plaintiff*
450 Seventh Avenue, Ste 1901
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677